UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Submitted March 30, 2005[*]
Decided April 1, 2005

Before

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** RICHARD A. POSNER, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

CAROL L. DIETZLER,
    *Plaintiff-Appellant*,

**No**. 04-2747        **v.**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,
    *Defendant-Appellee*.

Appeal from the United States District Court for the Eastern District of Wisconsin.

No. 04-C-525
J.P. Stadtmueller, *Judge*.

## Order

When Carol Dietzler sought leave to pursue this suit *in forma pauperis* under 28 U.S.C. §1915, the district judge concluded that it failed to state a claim on which relief may be granted and dismissed it outright. The judge thought that Dietzler was trying to obtain disability benefits on behalf of her ex-husband (who, the complaint alleged, would "never cooperate or follow through" with an application) and dismissed the complaint because she could not make a claim on someone else's behalf. On appeal Dietzler has clarified her position. She seeks benefits on behalf of her son, and the basis of these benefits would be her ex-husband's disability (brain

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

damage manifested in, among other things, inability to apply himself). See 42 U.S.C. §402(d); 20 C.F.R. §404.350–368.

The clarification does not, however, affect Dietzler's fundamental obstacle: *no one* has applied for federal benefits. Not her ex-husband, not her ex-husband's guardian, not her son (now an adult), and not Dietzler herself. An application is essential. See, e.g., *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 763–64 (1975). If the agency tarries unduly in making a decision, it might be possible to use the Administrative Procedures Act to seek a resolution of the administrative claim. See 5 U.S.C. §706(1). But Dietzler, who has not filed an application, lacks either a final decision or a claim of unwarranted delay. What she contends is that preparing an application would be too cumbersome and difficult, but no rule of federal law entitles a person to cut the agency out of the process and head straight to court. Until the agency has acted (or had a full opportunity to do so), there is no legal wrong to redress.

AFFIRMED